IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CREIGHTON FEDERAL CREDIT UNION,<br><br>Plaintiff,<br><br><br>vs.<br><br>WIPFLI, LLP, JOSEPH D. PAROUBEK,<br>and STEVE HEBERER,<br><br>Defendants. | **8:25CV198**<br><br><br>**THIRD AMENDED FINAL<br>PROGRESSION ORDER** |

This matter comes before the court on the parties' Joint Motion to Modify the Progression Order. (Filing No. 43). For good cause, that motion is granted. Accordingly, IT IS ORDERED that the final progression order is amended as follows:

1)    The trial and pretrial conference will not be set at this time. A status conference to discuss case progression, the parties' interest in settlement, and the trial and pretrial conference settings will be held with the undersigned magistrate judge on **December 10, 2026** at **10:00 a.m.** by telephone. Counsel shall use the conferencing instructions assigned to this case to participate in the conference. (Filing No. 8).

2)    Motions to compel written discovery under Rules 33, 34, 36, and 45 must be filed by August 14, 2026.

**Note:** A discovery motion (including a motion to compel, to quash, or for a disputed protective order, or any motion regarding the scope and production of ESI) cannot be filed without first: a) thoroughly discussing the issue with opposing counsel in good faith (NECivR 7.1(j)); and then b) contacting the chambers of the undersigned magistrate judge to set a conference for discussing the parties' dispute. The failure to contact the court prior to filing a discovery motion may result in an order striking the motion.

3)    The deadlines for complete expert disclosures[1] for all experts expected to

---

[1] While treating medical and mental health care providers are generally not considered "specially retained experts," not all their opinions relate to the care and treatment of a patient. Their opinion testimony

testify at trial, (both retained experts, (Fed. R. Civ. P. 26(a)(2)(B)), and non-retained experts, (Fed. R. Civ. P. 26(a)(2)(C)), are:

|  |  |
|---|---|
| For the plaintiff(s): | December 18, 2026. |
| For the defendant(s): | January 15, 2027. |
| Plaintiff(s)' rebuttal: | February 12, 2027. |

4) The deposition deadline, including but not limited to depositions for oral testimony only under Rule 45, is November 16, 2026. Expert depositions shall be completed by March 1, 2026.

5) The deadline for filing motions to dismiss and motions for summary judgment is April 5, 2027.

6) The deadline for filing motions to exclude testimony on *Daubert* and related grounds is April 5, 2027.

7) Motions in limine shall be filed twenty-eight days before trial. It is not the normal practice to hold hearings on motions in limine or to rule on them prior to the first day of trial. Counsel should plan accordingly.

8) The parties shall comply with all other stipulations and agreements recited in their Rule 26(f) planning report that are not inconsistent with this order.

9) Deadlines not specifically amended by this order are unchanged. All requests for changes of deadlines or settings established herein shall be directed to the undersigned magistrate judge, including all requests for changes of trial dates. Such requests will not be considered absent a showing of due diligence in the timely progression of this case and the recent development of circumstances, unanticipated prior to the filing of the motion, which require that additional time be allowed.

Dated this 16th day of July, 2026.

BY THE COURT:

s/ Ryan C. Carson
United States Magistrate Judge

---

is limited to what is stated within their treatment documentation. As to each such expert, any opinions which are not stated within that expert's treatment records and reports must be separately and timely disclosed.

2