IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

CREIGHTON FEDERAL CREDIT UNION,

Plaintiff,

vs.

WIPFLI, LLP, JOSEPH D. PAROUBEK, and STEVE HEBERER,

Defendants.

**8:25CV198**

**FOURTH AMENDED FINAL PROGRESSION ORDER**

This matter comes before the court on the parties' Joint Motion to Modify the Progression Order. (Filing No. 54). For good cause, that motion is granted. Accordingly, IT IS ORDERED that the final progression order is amended as follows:

1) The trial and pretrial conference will not be set at this time. The status conference to discuss case progression, the parties' interest in settlement, and the trial and pretrial conference settings will be held with the undersigned magistrate judge as previously scheduled on **December 10, 2026**, at **10:00 a.m.** by telephone. Counsel shall use the conferencing instructions assigned to this case to participate in the conference. (Filing No. 8).

2) Motions to compel written discovery under Rules 33, 34, 36, and 45 must be filed by November 30, 2026.

   **Note:** A discovery motion (including a motion to compel, to quash, or for a disputed protective order, or any motion regarding the scope and production of ESI) cannot be filed without first: a) thoroughly discussing the issue with opposing counsel in good faith (NECivR 7.1(j)); and then b) contacting the chambers of the undersigned magistrate judge to set a conference for discussing the parties' dispute. The failure to contact the court prior to filing a discovery motion may result in an order striking the motion.

3) The deadlines for complete expert disclosures[1] for all experts expected to

[1] While treating medical and mental health care providers are generally not considered "specially retained experts," not all their opinions relate to the care and treatment of a patient. Their opinion testimony

testify at trial, (both retained experts, (Fed. R. Civ. P. 26(a)(2)(B)), and non-retained experts, (Fed. R. Civ. P. 26(a)(2)(C)), are:

| | |
|---|---|
| For the plaintiff(s): | February 16, 2027. |
| For the defendant(s): | March 16, 2027. |
| Plaintiff(s)' rebuttal: | April 13, 2027. |

4) The deposition deadline, including but not limited to depositions for oral testimony only under Rule 45, is January 15, 2027. Expert depositions shall be completed by April 30, 2027.

5) The deadline for filing motions to dismiss and motions for summary judgment is June 4, 2027.

6) The deadline for filing motions to exclude testimony on *Daubert* and related grounds is June 4, 2027.

7) Motions in limine shall be filed twenty-eight days before trial. It is not the normal practice to hold hearings on motions in limine or to rule on them prior to the first day of trial. Counsel should plan accordingly.

8) The parties shall comply with all other stipulations and agreements recited in their Rule 26(f) planning report that are not inconsistent with this order.

9) Deadlines not specifically amended by this order are unchanged. All requests for changes of deadlines or settings established herein shall be directed to the undersigned magistrate judge, including all requests for changes of trial dates. Such requests will not be considered absent a showing of due diligence in the timely progression of this case and the recent development of circumstances, unanticipated prior to the filing of the motion, which require that additional time be allowed.

Dated this 29th day of September, 2026.

BY THE COURT:

s/ Ryan C. Carson
United States Magistrate Judge

is limited to what is stated within their treatment documentation. As to each such expert, any opinions which are not stated within that expert's treatment records and reports must be separately and timely disclosed.